**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION** at **ASHLAND**

CIVIL ACTION NO. 07-CV-53-JMH

MIDDLETON BERNARD STALEY, PETITIONER,

V. **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, RESPONDENT,

**\* \* \* \***

Middleton Bernard Staley ("Staley"), who is presently confined at the Federal Prison Camp-Ashland in Ashland, Kentucky ("FPC-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 2]. The Court has granted his motion to proceed *in forma pauperis* [Record No. 3] by separate Order.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Staley is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as

law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**BACKGROUND**

On December 21, 2001, Staley was sentenced to a 42-month term of incarceration by a state court in LaSalle County, Illinois, for two counts of Forgery, and he completed service of this sentence on March 27, 2004. On September 2, 2005, Staley was sentenced to a 48-month term of incarceration by a state court in Winnebago County, Wisconsin, for six counts of Forgery-Uttering.

On May 21, 2003, prior to the expiration of his state sentences, Staley was charged in the Northern District of Iowa with conspiracy to make, possess, and utter counterfeit securities in violation of 18 U.S.C. § 371 and for possessing and causing the utterance of counterfeit securities in violation of 18 U.S.C. §§ 513(a), (2)(b). Staley pled guilty pursuant to a written plea agreement, and on June 13, 2006, the trial court sentenced Staley to a 36-month term of incarceration. In doing so, the Court noted that it had departed downward 15 months to account for time served on the Illinois conviction. The trial court also ordered the sentence to run concurrently with Staley's prior Wisconsin conviction. *United States v. Staley*, 03-CR-39, Northern District of Iowa [Record Nos. 1, 24, 33 therein].

On October 13, 2006, Staley filed a motion to alter or vacate his sentence under 28 U.S.C. § 2255 in the trial court, in which he

asserted that the Bureau of Prisons ("BOP") was incorrectly implementing the court's judgment by failing to treat his federal sentence as having retroactively commenced on the same date as his Wisconsin sentence. On May 23, 2007, the trial court denied the motion, concluding that Staley could not raise this type of claim in a motion under Section 2255 and that he had failed to exhaust his administrative remedies with the BOP. *Staley v. United States*, 06-CV-145, Northern District of Iowa [Record Nos. 1, 4, 5 therein].

On April 30, 2007, Staley commenced the process of administratively appealing this issue by filing an Informal Resolution Attempt with the BOP. After this effort failed to resolve the issue to his satisfaction, on May 14, 2007, Staley filed a Form BP-229 with the Warden, which was denied on May 22, 2007.

Staley filed the instant petition on May 18, 2007. In his petition, Staley again asserts that the trial court's order that his federal sentence run concurrently with his already-commenced Wisconsin sentence requires the BOP to consider his federal sentenced to have retroactively commenced prior to its imposition. In response to this Court's request for further information regarding the status of his efforts to exhaust this claim, Staley indicated that: "[r]egarding the exhausting of my administrative remedies I have enclosed the two I have and the one that follows I'm waiting on a response (the one that goes to the region)." In other materials filed with the Court, Staley indicates "Appeal to

the Regional = pending."  [Record No. 7]

## DISCUSSION

Before a federal prisoner may file a habeas corpus petition under 28 U.S.C. § 2241, he or she must fully and finally exhaust all available administrative remedies.  *United States v. Oglesby*, 52 Fed.Appx. 712, 714 (6th Cir. 2002) (unpublished disposition) (*citing United States v. Wilson*, 503 U.S. 329, 335 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy ...'").

The record indicates that as of the date Staley filed the instant petition, he had filed an administrative remedy with the Warden by filing a Form BP-229 but had yet to receive a response. The exhaustion requirement requires the prisoner to complete, not merely initiate, the grievance process prior to the filing of the petition.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)). Because Staley acknowledges that he has not yet done so, his petition is prematurely filed and must be dismissed without prejudice.  *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (6th Cir. 2004).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Section 2241 petition for habeas corpus [Record No.

2] is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE,** *sua sponte,* from the docket of the Court.

(2) Petitioner Staley's request for the appointment of counsel [Record No. 8] is **DENIED.**

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 5th day of June, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge